IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


CAROL KAY LAWTON,

                    Plaintiff,

v.                                              Case No: 08-4080-SAC

GENE HIGGINS and
BMI,

                    Defendants.


**MEMORANDUM AND ORDER**

This case comes before the court on plaintiff's motion for summary judgment and on defendant BMI's motion to dismiss.

**Plaintiff's complaint**

Plaintiff's original complaint, which names Gene Higgins and BMI as defendants, alleges that "this case is about a song called David and Goliath which made millions of dollars overseas. Thirty four composers recomposed the song and (neither) she nor (her) composer, Sergio Ollivary, was paid." Dk. 1, p. 3 (edited for grammar). Plaintiff's statement of claim says: 1) she was contracted with Country Christian Music in Nashville, Tennessee, which is now Christian Country Music, with defendant Higgins; and 2) she paid defendant BMI $150.00 for a publisher's license she never received because they used Cherubim Ark of the Covenant. Dk. 1, p. 4. Plaintiff claims monetary damages due to breach of contract by "both corporations, BMI and HMG," and alludes to checks she received but cannot cash.

Attached to plaintiff's original complaint is a hand-written "petition" naming HMG

Nashville and BMI as defendants. In it, plaintiff alleges that she is a victim of identity theft, that she wrote the lyrics to the song David and Goliath, and that she spent $3,100.00 including transportation costs, to record it. Plaintiff alleges that she paid $150 to register the song, but the publisher neither returned her money for the license nor sent her a license. Breach of registration and breach of contract are alleged.

An amended complaint adds that Gene Higgins is responsible for "the 1000 radio stations and promotional to spin," that certain named persons at BMI issued the "BMI cards with no money on them along with the bogus checks," and that (the song) "was registered with BMI on May 4, 2005 and recorded at Hendersonville on May of 2005." Dk 5. p. 1. It then makes various assertions about plaintiff's family, including that her daughter's husband took her song out of the mail box without her permission, and that the reason she has not received anything is because her "daughter and her husband have done bad business with BMI." *Id.*, p. 2.

Other assertions that may to relate to this motion are that the copyright office in Washington shows Linda Brown, of the Brown Foundation, as the writer of the song, that the song has spinned or played internationally but not in Topeka, Kansas, that her claim is in excess of $100,000,000., that her "number in Cherubim Ark of the Covenant is 1057513," that defendant Higgins copied 548,000 CDs and kept the master but only sent 90 to radio stations, and that she did not give anyone including her daughter any permission to sign her name on the song. *Id.* Reference is made to a trademark on June 16, 2005. Additionally, a partly illegible note at the bottom of the page appears to state : "The amount at BMI for infringement alone ... 300,0000 ..." *Id.*

2

Plaintiff's complaint is filed pro se. Pro se complaints, however inartfully pleaded, must be liberally construed, and are held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). *See Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). "[The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170,1173-74 (10th Cir.1997) (quotations and citations omitted). Nor will the court act as the pro se litigant's advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

**Motion to dismiss**

**Subject matter jurisdiction**

The court first addresses defendant BMI's contention in its motion to dismiss that the court lacks subject matter jurisdiction. Federal courts are courts of limited jurisdiction. *Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir.1991).  A presumption exists against the existence of federal jurisdiction, and the party invoking federal jurisdiction bears the burden of proving it. *Id.* Mere conclusory allegations of jurisdiction are not enough. *Id.* "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1042 (10th Cir.2004), *cert. denied*, 545 U.S. 1139 (2005), quoting *Illinois v. City of Chicago*, 137 F.3d 474, 478 (7th Cir.1998).

The complaint's only stated basis for subject matter jurisdiction is pursuant to 28

U.S.C.§ 1332 (diversity).[1] *See* Dk. 1, p. 2. That statute grants original jurisdiction in civil

actions where the matter in controversy exceeds the sum or value of $75,000.00,

exclusive of interest and costs, and is between citizens of different States. 28 U.S.C.§

1332(a)(1). Plaintiff states she is a citizen of the State of Kansas, and that both

defendants are citizens of Tennessee.  Neither defendant has denied that allegation.

Thus the sole issue is the amount in controversy.

 BMI asserts that the $75,000 amount in controversy requirement is not met as to

BMI. Although plaintiff's amended petition alleges the claim exceeds $100,000,000, BMI

contends that this amount refers to the other defendant, and not to it, since BMI is not

mentioned anywhere on that page.

 Plaintiff responds by adding a reference to defamation (Dk. 18, 21), and saying

that her petition:

> Stated the amount of damages for Defamation of Character and the amount of
>
> Copyright Infringement, or Patent which is $300,000 plus in excess of
>
> $100,000,000 dollars as David and Goliath stories and songs made $60,000,000
>
> in the year of 2005 not counting 2006, 2007 and 2008.

---

[1]Elsewhere plaintiff asserts:
 Jurisdiction is Independent Nationally it is Federal Social Security numbers do apply a police report has been made about the Identity theft both in Kansas and Delaware. This is a Federal case and this is not the Shawnee County Courthouse.
Dk. 21, p. 1. See Dk 22, p. 1(errors in original). To the extent that plaintiff may have intended for this to be an assertion of federal question subject matter jurisdiction under §1331, the court finds it fails to set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.' *Kindergartners Count, Inc. v. Demoulin*, 171 F.Supp.2d 1183, 1188 -1189 (D.Kan. 2001), quoting *Berner v. Delahanty*, 129 F.3d 20, 25 (1st Cir.1997).

Dk. 18, p. 1 (errors in original). From this, the court believes that plaintiff intends to refute BMI's assertion that the amount in controversy is not met. *See also* Dk. 21 (asserting diversity jurisdiction).

The rule governing dismissal on this basis is clear.

> The rule governing dismissal for want of jurisdiction in federal court is that, unless the law provides otherwise, the amount claimed by the plaintiff controls if the claim is apparently made in good faith. *St. Paul Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S.Ct. 586, 82 L.Ed. 845 (1938). It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. *Id.* The burden is on the party asserting jurisdiction to show it is not a legal certainty that the claim is less than the jurisdictional amount. *See Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir.1994). A plaintiff's allegations in the complaint alone can be sufficient to make this showing. "Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1272 (10th Cir.1998) ( quoting *Gibson v. Jeffers*, 478 F.2d 216, 221 (10th Cir.1973)).

*Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000).

"When a single plaintiff has multiple claims against a defendant or against two or more defendants, the Court should consider the aggregate value of the claims for the purposes of the amount in controversy. *Alberty v. Western Sur. Co* ., 249 F.2d 537, 538

(10th Cir.1957)." *Chidester ex rel. Chidester v. Kaz, Inc.*, 2007 WL 1087728, 3

(N.D.Okla. 2007). Because plaintiff's claims are unintelligible, it is difficult for the court to

determine whether plaintiff's damages could exceed $75,000 if her claims are true. In

any event, it is not a legal certainty that plaintiff's claim is less than the jurisdictional

amount, thus the court will decline to dismiss on this basis and shall accept subject

matter jurisdiction.

**Rule 8**

Defendant next moves to dismiss plaintiff's claims based on pleading

deficiencies. Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and

plain statement of the claim showing that the pleader is entitled to relief." This pleading

requirement serves the dual purposes of: 1) ensuring that defendants know the actual

grounds of the claim against them, thus enabling them to prepare a defense; and 2)

avoiding the costs associated with the civil discovery regime on the basis of a largely

groundless claim. *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir.2008) (citations

and quotations omitted).

Although technical fact pleading is not required, the complaint must still "provide

enough factual allegations for a court to infer potential victory." *Bryson*, 534 F.3d at

1286.

To state a claim, a plaintiff's complaint must "show[ ] that the pleader is entitled to

relief." Fed.R.Civ.P. (8)(a)(2). This means that the plaintiff must allege enough

factual matter, taken as true, to make his "claim to relief ... plausible on its face."

*Bell Atlantic Corp. v. Twombly*, ---U.S. ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d

6

929 (2007). This is not to say that the factual allegations must themselves be

plausible; after all, they are assumed to be true. It is just to say that relief must

follow from the facts alleged. *Robbins v. Oklahoma ex rel. Dep't of Human*

*Servs.*, 519 F.3d 1242, 1247 (10th Cir.2008).

*Bryson ,* 534 F.3d at 1286.

The court gives pro se litigants greater leeway by construing their pleadings

liberally and holding them to less stringent standards than lawyers. *See Andrews v.*

*Heaton*, 483 F.3d 1070, 1076 (10th Cir.2007). Nonetheless, the duty to state a claim

falls on the plaintiff, not on the court

The court is... not required to "grope through ... pages of irrational prolix and

redundant pleadings, containing matters foreign to the issue involved ... in order

to determine the grounds for the petitioner's complaint." 5 C.Wright & A.Miller,

Federal Practice and Procedure, 1281, at 522 (2d ed.1990).

*Gibson v. City of Cripple Creek, Colo.*, 48 F.3d 1231 (Table),1995 WL 94483, 1 (10th

Cir.1995).

This court has read many pro se complaints and is usually quite adept at

grasping the substance of one's claims. Here, however, "the complaint is so confused,

ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well

disguised." *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988). Even liberally

construed, both plaintiff's original and amended complaint are incomprehensible. *See*

*Carpenter v. Williams*, 86 F.3d 1015, 1016 (10th Cir.1996). The court finds plaintiff's

complaint to be deficient under Rule 8(a)(2) because it fails to give defendants fair

7

notice of what the plaintiff's claim is and fails to show that any plausible relief follows from the facts alleged.

Accordingly, the court must determine whether to dismiss the claims or to permit plaintiff to file an amended complaint that plainly states them. The Federal Rules of Civil Procedure provide that a court should freely grant leave to amend when justice so requires. *See* Fed.R.Civ.P. 15(a). A court which finds Rule 8(a) deficiencies normally grants leave to file an amended complaint. *See Gibson*, 1995 WL 94483, 1; *Williamson v. Owners Resort & Exchange,* 90 Fed.Appx. 342, 345-346, 2004 WL 370977, 3 (10th Cir. 2004). *See e.g.,Toevs v. Reid*, 267 Fed.Appx. 817, 819, 2008 WL 598287, 2 (10th Cir. 2008) and cases cited therein.

The Court finds that plaintiff should be given an opportunity to file an amended complaint which cures its multiple deficiencies. In order for plaintiff to state a claim in federal court, her amended complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court thus advises the plaintiff that in the event she chooses to file an amended complaint, her amended complaint must comply with that standard.

**Plaintiff's motion for summary judgment**

Plaintiff has filed a document which she captioned as a "Motion for Summary Judgment." Dk. 11. This filing is shorter than the complaints examined above, but shares the same defects. Having reviewed this motion, the court denies it as premature.

All other pending motions filed by plaintiff are denied as moot.

IT IS THEREFORE ORDERED that plaintiff file within thirty (30) days from the date of this order an amended complaint that complies with the pleading requirements of Fed.R.Civ.P. 8 as discussed in this order.

IT IS FURTHER ORDERED that if plaintiff fails to file an amended complaint within the time allowed, the complaint and the action will be dismissed without further notice.

IT IS FURTHER ORDERED that all other pending motions filed by plaintiff, including plaintiff's motion for summary judgment, are denied.

Dated this 8th day of October, 2008.


s/ Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge