IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CAROL KAY LAWTON,

        Plaintiff,

v.                              Case No. 08-4080-SAC

GENE HIGGINS, and
BMI,

        Defendants.


MEMORANDUM AND ORDER

      This case comes before the court on two motions of the plaintiff. One seeks to rescind the judgment (Dk. 42) and the other seeks miscellaneous relief (Dk. 45).

      Plaintiff's motion seeking to rescind the judgment was filed within ten days of the judgment, and is construed as a timely motion under Fed. R.Civ.P. 59(e) to alter and amend judgment. *See Berrey v. Asarco Inc.*, 439 F.3d 636, 641 n. 3 (10th Cir.2006). A Rule 59(e) motion stands on limited grounds. *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n. 5 (10th Cir.2000) (holding that Rule 59(e) motions "should be granted only to correct manifest errors of law or to present newly discovered evidence"); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012

(10th Cir. 2000) ("(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir.1995)."). A Rule 59(e) motion does not make appropriate the revisiting of issues already considered or the arguing of matters not raised in prior briefs. *Servants of Paraclete*, 204 F.3d at 1012. Put another way, a party is not to pursue such a motion in order to rehash previously rejected arguments or to offer new legal theories or facts. *Achey v. Linn County Bank*, 174 F.R.D. 489, 490 (D.Kan.1997). Nor is a motion to reconsider "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F.Supp. 1482, 1483 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir.1994). The court has reviewed plaintiff's motion, and finds no basis to grant reconsideration or to rescind the judgment.

Plaintiff's motion for miscellaneous relief was filed more than ten days after entry of judgment, and is thus considered a motion seeking relief from the judgment under Fed. R .Civ.P. 60(b). Plaintiff states that "the clerk refused the Norarized Journal of [her] JUDGEMENT against these Defendants (sic)," and that this court should consider it. Dk. 45, p. 1.

2

Although the precise facts alleged by plaintiff are unclear, it is clear that this motion also seeks to set aside the judgment and have the court reexamine the merits of her case.

Relief under Rule 60(b) is discretionary, and should "only be granted in exceptional circumstances." *Servants of Paraclete*, 204 F.3d 1005, 1009 (10th Cir.2000); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991), *cert. denied*, 506 U.S. 828 (1992). "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds." *Id.* at 1243-44. None of those grounds has been shown here. The court may not grant a Rule 60(b) motion where no basis for relief is provided. *See Cashner v. Freedom Stores*, Inc., 98 F.3d 572, 580 (10th Cir.1996)

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Dk. 42), is denied.

IT IS FURTHER ORDERED that plaintiff's motion for miscellaneous relief (Dk. 45) is denied.

Dated this 9th day of December, 2008.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge