IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


CAROL KAY LAWTON,

                        Plaintiff,

v.                                              Case No: 08-4080-SAC

GENE HIGGINS, and
BMI,

                        Defendants.


MEMORANDUM AND ORDER

This case comes before the court on plaintiff's motion for order.  Dk 49.[1]

The court dismissed the plaintiff's claim without prejudice on November 4, 2008.  Dk 41.  After denying her motion to reconsider on January 8, 2009, the court informed the plaintiff that it would place filing restrictions upon her if she filed another document concerning the same

_____

[1] The document is captioned "MOTION TO FILE Against the defendants For Frivolous Filing!  And return to Declaratory Judgement for Proof On 10/14 08 and to set aside Said Judgement of these defendents BMI and HMG with Sanctions against these said defendents For frivolous filing."

matter.  Dk 46.   Specifically, the court noted these restrictions could include the requirement that the plaintiff obtain its permission before she filed similar motions again.  Dk 46.  On January 12, 2009, the plaintiff filed a "Motion to File," regarding the same matter previously dismissed by the court.  Dk 49.

District courts have authority to impose filing restrictions on abusive litigants.  *Werner v. Utah*, 32 F.3d 1446, 1447 (10th Cir. 1994).  A litigant does not have an absolute right of access to the courts.  *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994).  Moreover, parties who engage in abusive litigation activities may be subject to restrictions.  *Cauthon v. Rogers*, 116 F.3d 1334, 1337 (10th Cir. 1997).

Despite the court's dismissal of this matter and the court's warning to cease filing documents regarding it, the plaintiff filed the present motion. *See* Dk 49.  Because the court finds this to be an abuse of the litigation process, it imposes the following filing restrictions on the plaintiff:

1.  The plaintiff, Carol Kay Lawton, is precluded from filing, without leave of this court, any new motions or requests in this case based on the same allegations or grounds that have been decided in the court's prior orders.

Before the plaintiff may file any such motion or request for relief in this court, she must ask for leave of the court to file the same.

2.  In seeking the court's leave, the plaintiff must comply with the following requirements:

> (a) She must file a "Motion for Court Order Seeking Leave to File" and attach thereto a copy of her proposed motion or request.

> (b) As an exhibit to that motion, the plaintiff must attach a declaration under penalty of perjury prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying (1) that her motion does not involve allegations or grounds that have been decided or litigated in this case; and (2) that her new allegations and grounds are not frivolous or made in bad faith.

3.  The court will strike all motions or requests filed by the plaintiff without leave of the court.  The court will deny summarily all requests for leave that do not comply with all of the above conditions.  If the court grants leave to file a proposed motion or request, the plaintiff shall serve each defendant with a copy of her motion and a copy of the order granting leave to file it.

4.  The court retains authority to modify this injunction as circumstances may require.

IT IS THEREFORE ORDERED that the plaintiff's motion for order, Dk 49, is denied.

IT IS FURTHER ORDERED that the plaintiff is subject to the above-mentioned filing restrictions.

Dated this 22nd day of January, 2009.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge